IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| YUN-JUIN HOFFMAN, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No.: |
| | | (Removed from District Court of Maryland |
| CHASE BANK, *et al.*, | * | For Montgomery County, Case No., Case No. 060200120032011) |
| Defendants. | * | |

* * * * * * * * * * * * * * * * * * * * * * *

AW11CV1703

**NOTICE OF REMOVAL**
**(Federal Question Jurisdiction)**

Defendant M&T Bank ("M&T"), by its undersigned counsel, hereby provides Notice pursuant to 28 U.S.C. §§ 1441 and 1446 of its removal of the above-captioned case from the District Court of Maryland For Montgomery County to the United States District Court for the District of Maryland, Southern Division. Removal is based on 28 U.S.C. § 1331 (federal question) with 28 U.S.C. § 1367 (supplemental jurisdiction). As grounds for removal, M&T states the following:

1. On or about May 17, 2011, Plaintiff Yun-Juin Hoffman commenced this action against M&T and co-defendants Wayne Prem, Chase Bank, and Presidential Title Co. by filing a complaint in the District Court of Maryland For Montgomery County (the "State Court Action").[1] The State Court Action was assigned Case Number 060200120032011.

---

[1] The complaint also identifies MERS as a defendant, however, the docket sheet for the State Court Action, which is attached as <u>Exhibit A</u>, does not list MERS as a party and there is no evidence that a summons was ever issued or served upon MERS. M&T also points out that MERS is not a party to the foreclosure proceeding or the mortgage loan transaction that are the subjects of the complaint.

2. In the complaint, Plaintiff attempts to allege that M&T violated a number of federal laws in connection with the foreclosure of Plaintiff's residence that secured a mortgage loan made by M&T. The specific federal claims Plaintiff tries to assert against M&T include violations of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601, *et seq.*, the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601, *et seq.*, and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961, *et seq.* In addition to these federal claims, Plaintiff also attempts to assert state common law claims for breach of contract, gross negligence, fraud, "violation of the duty of good faith," and negligent misrepresentation.

3. Removal to this Court is proper. Pursuant to 28 U.S.C. §§ 1446(a) and 1441(a), this Notice of Removal is being filed in the United States District Court for the District of Maryland, Southern Division, which is the federal district court embracing the state court where the State Court Action was filed.

4. Removal is timely. The complaint with the original summons was first served on defendant Wayne Prem on May 23, 2011. M&T subsequently was served with the complaint and original summons on May 31, 2011. This Notice of Removal is being filed with the United States District Court for the District of Maryland, Southern Division on June 22, 2011, within thirty days after the first defendant (Wayne Prem) was served. *See Barbour v. International Union*, No. 08–1740, 2011 WL 242131 (Jan. 27, 2011 4th Cir.) (en banc) (adopting rule requiring removal within thirty days of service on the first defendant but permitting subsequently served defendants thirty days from their service to consent).

5. This Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11. *See* 28 U.S.C. § 1446(a).

2

6. All other procedural requirements have been met.

   a. Attached hereto as <u>Exhibit B</u> is a copy of all "process, pleadings and orders served upon" M&T and is being filed with the Clerk of the Court contemporaneously with the filing of this Notice of Removal, pursuant to 28 U.S.C. § 1446(a).

   b. Attached hereto as <u>Exhibit C</u> is a copy of the Notice of Filing of Notice of Removal that M&T will file in the District Court of Maryland For Montgomery County and will promptly serve upon Plaintiff.

   c. Attached hereto as <u>Exhibit D</u> is Defendant Wayne Prem's written consent to the removal of this case.[2]

7. This Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Pursuant to 28 U.S.C. § 1441(a), "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Additionally, pursuant to 28 U.S.C. § 1441(b), "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be remove without regard to the citizenship or residence of the parties." 28 U.S.C. § 1441(b).

---

[2] Plaintiff, through her counsel, has already indicated that Plaintiff will be dismissing co-defendants Chase Bank and Presidential Title Co. from this litigation. It is M&T's understanding that dismissal papers relating to these two defendants are in the process of being prepared, signed, and/or filed with the court. In light of Plaintiff's decision to dismiss Chase Bank and Presidential Title, both defendants are nominal parties and therefore do not need to consent to the removal of this action. *See Egle Nursing Home, Inc. v. Erie Ins. Group*, 981 F. Supp. 932, 933 (D. Md. 1997) (a defendant who is a formal or nominal party is not required to join in or consent to removal).

1847809.1 37240/115625 06/22/2011

8.      M&T is entitled to remove this action to this Court pursuant to 28 U.S.C. § 1441. Plaintiff's assertion of claims under TILA (Count IV), RESPA (Count V), and RICO (Count XI) and renders this suit as one over which the United States District Court has original jurisdiction pursuant to 28 U.S.C. § 1331. To the extent the complaint also asserts state law claims that do not involve TILA, RESPA, or RICO, this Court has supplemental jurisdiction over those claims pursuant to 28 U.S.C. §§ 1367(a) and 1441(c).

**WHEREFORE**, having satisfied all the requirements for removal under 28 U.S.C. §§ 1441 and 1446, including the presence of all jurisdictional requirements established by 28 U.S.C. § 1331, Defendant M&T Bank respectfully serves notice that the above-referenced civil action, now pending in the District Court of Maryland For Montgomery County to the United States District Court for the District of Maryland, Southern Division.

Respectfully submitted,

_____
Brian L. Moffet
Fed. Bar No. 13821

_____
Michael V. Ziccardi
Fed. Bar No.28988
GORDON, FEINBLATT, ROTHMAN,
 HOFFBERGER & HOLLANDER, LLC
The Garrett Building
233 East Redwood Street
Baltimore, Maryland  21202-3332
Telephone No.: 410/576 - 4291
Fax No.: 410/576 – 4269
Email: bmoffet@gfrlaw.com
Email: mziccardi@gfrlaw.com
**Attorneys for Defendant**
**M&T Bank**

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this <u>22nd</u> day of June 2011, a copy of the foregoing Notice of Removal was mailed, first-class, postage prepaid, to:

>S. Shiva Arati, Esquire
>132 Maiden Choice Lane
>Catonsville, Maryland 21228
>*Attorney for Plaintiff*
>
>Chase Bank
>c/o Chad King, Esquire
>Simcox and Barclay, LLP
>888 Bestgate Road, Suite 313
>Annapolis, MD  21401
>*Defendant*
>
>Presidential Title, Inc.
>c/o Daniel P. Hodin, Esquire
>President
>One Bethesda Center
>4800 Hampden Lane, 7th Floor
>Bethesda, MD  20814
>*Defendant*
>
>Wayne T. Prem
>110 West Road, #435
>Towson, MD  21204
>*Defendant*

/s/ Brian L. Moffet
Brian L. Moffet